GARNER *et al. v.* HOME BANK & TRUST Co. *et al.*

(*Jackson*, April Term, 1937.)

Opinion filed July 3, 1937.

Lynch, Haynes & Green, of Winchester, for complainants.

Alfred T. Adams, of Nashville, for receiver.

J. Roy Hickerson, of Winchester, for Home Bank & Trust Co., Trustee, & others.

A. T. Stewart, of Winchester, for Mrs. Daisy Anderson.

Mr. Special Judge F. T. Fancher delivered the opinion of the Court.

The original bill in this cause was filed by the heirs of George W. Garner and also the heirs of Ellen Bearden Garner, his widow. The Garners had no children born to them, but they adopted a boy named Roy Watson who afterwards was called Roy Watson Garner. Mr. and Mrs. Garner both executed wills. The complainants in this bill are the natural heirs at law of Mr. and Mrs.

Garner and will be referred to as the Garner heirs and the Bearden heirs, Mrs. Garner being a Bearden before she was married.

George W. Garner executed a will on April 7, 1926, and died within that year. Ellen Bearden Garner executed a will on May 18, 1931, and died on April 27, 1934. Both these wills were probated soon after the respective deaths. Roy Watson Garner, the adopted son of Mr. and Mrs. Garner, died on January 18, 1933, intestate, without issue and before he reached the age of twenty-one years, leaving surviving him as his only heir, his natural mother, Mrs. Daisy Anderson, one of the defendants.

George W. Garner died seized and possessed of real estate and considerable personal property, the latter amounting to some $14,000. In the second paragraph of his will he bequeathed his real estate to his wife for and during her life, and provided that she should have charge and control of all the real estate during her natural life in order that she might enjoy the same as she pleased, but she was not to dispose of it in any way. She enjoyed the use of this real estate until her death in 1934. She probably acccumulated some property from this estate. He also bequeathed to his wife all household and kitchen furniture, live stock, and farming tools that might be on hand.

In paragraph 4 of his will, Mr. Garner bequeathed to Home Bank & Trust Company, a defendant herein, "all personal property except that disposed of absolutely to his wife" in trust for certain uses and purposes set out.

In paragraph 5 of the will, the trustee was directed to pay the income derived from said property to his wife

for and during her natural life. The final report of the executor made in 1930 showed the estate in his hands amounted to $14,400.96. This was turned over to the trustee. The income of this was turned over to Mrs. Garner until she died.

By paragraph 6 of the will, Mr. Garner directed the trustee, upon the death of his wife, to take charge of all of his property, real and personal.

By paragraph 7 of the will, the trustee was directed, after the death of Mrs. Garner, to pay $1,000 to Trevecca College, "the same being a holiness college located in East Nashville, Tennessee."

By paragraph 8 of the will, Roy Watson Garner, if living at the time of the death of Mrs. Garner, was to have the income from the trust fund for his support and education; and by paragraph 10 the trustee was directed to turn over the estate to Roy Watson Garner at some time after he had arrived at the age of twenty-one and before he was twenty-five years.

By paragraph 12 of the will it was provided: "In the event the said Roy Watson Garner dies without issue, before this fund is turned over to him by the trustee, the trustee is directed to pay the entire body of the estate to Trevecca College, a holiness college situated in East Nashville, Davidson County, Tennessee. . . ."

Trevecca College was a holiness college or school located as indicated in the will, and was a chartered corporation. Prior to the death of Roy Watson Garner, a general creditors' bill was filed in the chancery court at Nashville, Tennessee, alleging that Trevecca College was insolvent; it prayed for a receiver and a sale of the property; that the bill be sustained as a general creditors' bill. This bill averred that Trevecca College was in-

solvent and a nongoing concern. A report on reference was made by the master on December 27, 1932, and by supplement on March 27, 1933, in which it was found to be insolvent. This report was confirmed by the court. It is averred, and this is borne out by the insolvency record filed as an exhibit, that the institution became hopelessly involved before the death of Roy Watson Garner. It was also averred by amendment filed before the death of Roy Watson Garner, that Trevecca College had ceased to be a going concern and was not operating as a school, prior to his death.

The chancellor, in his opinion, found that prior to the death of Roy Watson Garner, Trevecca College had ceased to function as a college on account of its insolvency and that it was legally dead and could not perform the functions required of it under its charter as a college. The record bears out this finding. Nowhere in the reference or finding by the master is any reference made as to any interest the college might have in the Garner estate.

In the original bill in this cause, in which the Garner heirs and Bearden heirs join, it is claimed that the Garner heirs own all the real estate that George W. Garner died seized and possessed of, together with one-half of the personal property, and that the Bearden heirs own one-half of the personal property, as provided by the laws of descent and distribution in Tennessee. Various demurrers were filed to this bill by Home Bank & Trust Company, trustee, by the receiver of Trevecca College, by J. Roy Hickerson, as executor of the will of Ellen Bearden Garner, and by Mrs. Daisy Anderson. The latter also filed a cross-bill claiming she is entitled to the entire estate of George W. Garner, she being the

only heir of Roy Watson Garner. She charged that Trevecca College had long ceased to be an educational institution; that they had discontinued the operation of the school conducted under the name of Trevecca College; that it was being administered under the insolvency laws of Tennessee, as set out in the original bill filed by complainants. She charged that all of the real estate owned by George W. Garner at the time of his death and one-half of the personal property should be decreed to her as the mother and heir of Roy Watson Garner.

The chancellor rendered his decree on these demurrers; and boiled down the substance of his finding is that the brothers and sisters and descendants of George W. Garner have no interest in any of the property; that complainant heirs of Ellen Bearden Garner have no interest in her estate. It was held that the devise of Mrs. Garner to Roy Watson Garner did not lapse because of his death prior to the death of Ellen Bearden Garner. It was held that the devise and bequest of Mr. Garner to Trevecca College lapsed because of its incapacity to take the property; that his estate vested in his heir and next of kin as of the time of his death; that is, his real estate was vested in Roy Watson Garner as in a case of intestacy and for like reason the personal estate went one-half to Roy Watson Garner and one-half to Ellen Bearden Garner under the laws of distribution.

The principal question therefore is as to whether the devise and bequest to Trevecca College lapsed. Upon determination of that question, all other questions are easily solved.

We may start out by saying that as a general proposition where a person creates a trust fund for the benefit of a particular charity or organization and it is

impossible to distinguish any general charitable intent, the fund or property will revert to the donor where it becomes impossible to carry out the purpose of the trust fund even in the absence of an expressed provision for reverter. See Annotation 38 A. L. R., p. 44.

The whole purpose of Mr. Garner's gift seems to have failed. Trevecca College cannot take it for the purpose indicated. It was evidently intended to help sustain that college as a going concern and to further its educational purposes, which were no doubt very dear to the heart of Mr. Garner. To turn this property over to the receiver of Trevecca College at the present time would be only to assist it in paying debts. Mr. Garner has evinced no purpose in his will to assist a college in paying debts. His gift was to a holiness institution of learning and not to a receiver of such an institution.

We therefore hold with the chancellor that this gift to Trevecca College has lapsed.

The next inquiry is whether upon the lapse of the donation to Trevecca College the estate goes to the natural heirs of Mr. Garner or to his adopted son and his heir. Upon the death of Roy Watson Garner without issue the devise to Trevecca College already having lapsed and no estate ever having vested in it, undoubtedly the estate descended to the heirs and next of kin.

At common law, personal property undisposed of went to the executors personally, but this rule has been generally abrogated by statute and except in particular cases where the governing law requires other disposition, lapsed or void legacies or devises of property undisposed of by will, will go to the persons who were the heirs or next of kin of the testator at the time of his death, or to their heirs, personal representatives, or

estates, and accordingly the husband or wife may take under statutes giving him or her a distributive share in case of intestacy. 69 C. J., pp. 1069, 1070.

In a recent case by this court it was held that a remainder, undisposed of by will as to which the life tenant failed to exercise a power of appointment, passed as intestate property to the heirs or next of kin of the testator to be ascertained as of the date of his death. *Magevney* v. *Karsch*, 167 Tenn., 32, 65 S. W. (2d), 562, 92 A. L. R., 343.

We can see no difference between the case of a lapsed legacy or devise which lapsed because of the failure of the life tenant to exercise a power of appointment and the case here where the lapse occurred because of the incapacity of the donee to take the property. In each case it is simply a lapsed devise or legacy occurring upon the happening or failure of a future event occurring upon a contingency. Mr. Garner's only heir as of the date of his death was Roy Watson Garner, his adopted son. So his heir, Mrs. Daisy Anderson, took the real estate. As to the personal estate, the wife takes a child's share, in this case, one-half of the personalty. Code, section 8389. So the personal estate went one-half to Mrs. Daisy Anderson and one-half to Mrs. Garner (the widow of Mr. Garner) and, of course, this descends to her natural heirs and distributees who were complainants in this case.

We hold, therefore, with the chancellor that the brothers, sisters, and descendants of George W. Garner have no interest.

■ By the terms of the will of Ellen Bearden Garner, she directed that her estate be converted into cash and paid over to the Home Bank & Trust Company; that the

trustee pay the income from her estate to Roy Watson Garner; that the trustee "pay the full amount which is in its hands as trustee, to my adopted son, Roy Watson Garner, when he becomes twenty-five years of age." The chancellor held that this bequest to Roy Watson Garner did not lapse upon the death of Roy Watson Garner, and that although he predeceased Mrs. Garner, her estate descends to Mrs. Daisy Anderson, the natural mother of Roy Watson Garner. Undoubtedly, the legacy lapsed unless it is saved by some statute in Tennessee. The only statute we find upon the subject is as follows:

"Whenever a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survives the testator, said issue shall take the estate devised or bequeathed, as the devisee or legatee would have done, had he survived the testator, unless a different disposition thereof is made or required by the will." Code, section 8134.

There is no provision in the will of Mrs. Garner for the further disposition of her estate in the event of the death of Roy Watson Garner. The saving of the above statute only applies to persons who die before the testator's death or who are dead at the making of the will "leaving issue who survives the testator."

Where the devisee or legatee dies before the death of the testator, and leaves no issue surviving the testator, this statute is inapplicable; and the devise or legacy lapses as it did before the statute. *Strong* v. *Ready,* 28 Tenn. (9 Humph.), 168; *Morton* v. *Morton,* 32 Tenn. (2 Swan), 318; *Dixon* v. *Cooper,* 88 Tenn., 177, 12 S. W., 445; *Jones* v. *Hunt,* 96 Tenn., 369, 34 S. W., 693.

Roy Watson Garner left no issue surviving Mrs. Garner, consequently the legacy to him was not saved

by the statute and lapsed. Therefore, the Bearden heirs will take Ellen Bearden Garner's estate under the laws of descent and distribution.

We have not discussed each and every assignment of error made by the complainants under the original bill and Trevecca College because we deemed it simpler to treat of the subjects as above discussed.

It results that the decree of the chancellor must be affirmed except as to the modification above indicated. We have not discussed the question of the technical interpretation of the words in the will of George Watson Garner as. to the death of Roy Watson Garner without issue, because that question becomes unnecessary under the foregoing opinion.

The costs of appeal will be paid, two-thirds by Harry G. Nichol, receiver of Trevecca College, and his surety on the appeal bond, and one-third by the Garner heirs and the surety on their appeal bond.