In re Eugene Ray WALKER.

Supreme Court of Tennessee, at Knoxville.

March 1, 1993.

Janet L. Hogan, Charles D. Lockett, Knoxville, for petitioner-appellant.

Willard N. Albert, Joel H. Anderson, Jr., Knoxville, for respondent-appellee.

## OPINION

REID, Chief Justice.

This case presents an appeal from the judgment of the Court of Appeals affirming the dismissal of appellant's claim, as next friend of her minor children by a former marriage, to the estate of the testator, whom appellant had divorced. Taisia Walker, the former spouse of the testator, Eugene Ray Walker, asserts on behalf of her minor children, that they take the estate of the decedent under his last will and testament. The executor contends that the will did not make a complete disposition of the testator's estate and that the testator's property devolved by intestate succession to the testator's heirs. The proper construction of T.C.A. § 32–1–202 (Supp.1992) and its application to the facts of this case require that the decision of the Court of Appeals and the trial court be affirmed.

On June 1, 1981, when the testator executed the will, he and Taisia were husband and wife, and he was, of course, the stepfather of her children. They were divorced in October, 1982, and he died in April, 1990. He did not revoke his will or execute a codicil.

Paragraphs II and III contain the dispositive provisions of the will. Paragraph II states:

I hereby give, devise and bequeath all of my property, real, personal and mixed to the Trustees and Co–Executors hereinafter named, and their successors as their sole and absolute property and said Co–Executors and Trustees will use the said property for the support of my wife, Taisia Walker.

The remaining provisions of Paragraph II relate to the payments to be made to the beneficiary and the powers of the trustees. The Will contains no provision for the termination of the trust or the disposition of the trust property upon the death of the beneficiary. Paragraph III states:

In the event that my wife, Taisia Walker, and myself should be killed in a common disaster or catastrophe, or should my wife, Taisia Walker, predecease me, I hereby will, devise and bequeath all of my property, real, personal and mixed and wheresoever located to be equally divided between the children of Taisia Walker, that is, the two children, Dennis and Jeanette.

The remaining provisions of Paragraph III relate to the management of the property prior to the children obtaining 18 years of age.

The appellant acknowledges that T.C.A. § 32–1–202 revokes the devise to her under paragraph II, but insists that the statute satisfies the contingency stated in paragraph III of the will, "should my wife Taisia Walker, predecease me," and that the property passes under the will to the children. The relevant sections of T.C.A. § 32–1–202 are:

(a) If after executing a will the testator is divorced or his marriage annulled, the divorce or annulment revokes any disposition or appointment of property made

by the will to the former spouse, any provision conferring a general or special power of appointment on the former spouse, and any nomination of the former spouse as executor, trustee, conservator or guardian, unless the will expressly provides otherwise.

(b) Property prevented from passing to a former spouse because of revocation by divorce or annulment passes as if the former spouse failed to survive the decedent but the provisions of § 32–3–105 shall not apply. Other provisions conferring some power or office on the former spouse are interpreted as if the spouse failed to survive the decedent.

■ The cardinal rule for interpreting and construing a last will and testament is the ascertainment of the intent of the testator. That intent, when known, will be given effect unless prohibited by some rule of law or public policy. *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn.1991). However, for the testator's will to be given effect, there must be some evidence of that intent: "We cannot determine the devolution of estates based upon the mere surmise as to the testator's intention." *Pinkerton v. Turman,* 196 Tenn. 448, 455, 268 S.W.2d 347, 350 (1954). In this case, the intent of the testator, to the extent that his intent is stated, is clear. However, it also is clear that the testator's will does not make a complete disposition of his estate, and that the above statute does not allow the devise to Taisia to be given effect. The issue, then, is whether the testator's property passes to his heirs by intestate succession or to Dennis and Jeanette under the will.

■ Paragraph II devises all property constituting the decedent's estate in trust for Taisia. However, the will makes no provision for the termination of the trust or the disposition of the property upon the death of Taisia. Consequently, the devise to Taisia was for her life only.

The title which the trustee takes depends not so much upon the particular words of the devise or bequest as upon the nature of the duties imposed upon the trustee. He takes that title and quality of interest, and *for such duration,* as the purposes of the trust require, in order to enable him to perform the duties imposed.

1 *Pritchard on Wills and Estates* § 467, p. 570 (4th ed. 1983) (footnote omitted) (emphasis added). (That the devise to Taisia for life was *in trust* is immaterial for the purposes of this case and will be disregarded in the subsequent analysis.)

■ The presumption against intestacy is not sufficient to convert the life estate into a fee simple. The common law presumption against partial intestacy, codified in T.C.A. § 32–3–101 (1984) is "applicable when the words used, by any fair interpretation, will embrace the property not otherwise devised, unless a contrary intention appears from the context." *McDonald v. Ledford,* 140 Tenn. 471, 475, 205 S.W. 312, 313 (1917). However, as stated in *Nichols v. Todd:*

All of the rules we have stated hereinabove [including the presumption] are subject to the cardinal rule that the intention of the testator must prevail, so far as it is possible to give it effect without contravening some fixed rule of law; but the testator's intention must be ascertained from "that which he has written" in the will, and not from what he "may be supposed to have intended to do," and extrinsic evidence of the condition, situation and surroundings of the testator himself may be considered only as aids in the interpretation of the language used by the testator, and "the testator's intention must ultimately be determined from the language of the instrument weighed in the light of the testator's surroundings, and no proof, however conclusive in its nature, can be admitted with a view of setting up an intention not justified by the language of the writing itself." Sizer's Pritchard on Wills (2d Ed.) §§ 384, 387, 388, and 409.

*Nichols v. Todd,* 20 Tenn.App. 564, 570–71, 101 S.W.2d 486, 490 (1936). The Court held in *Nichols v. Todd* that where the "remainder interest" following a life estate is not specifically bequeathed, it passes as if the deceased had died intestate.

■ Without the application of T.C.A. § 32–1–202, upon the death of the testator

survived by Taisia, Dennis and Jeanette, the state of the title would be: a life estate in Taisia and reversion in the testator's heirs, the persons who would take the decedent's property under the statutes of intestate succession. *See* T.C.A. §§ 31–1–101(5), 31–2–101 (1984); *see e.g., Pinkerton v. Turman*, 196 Tenn. at 454, 268 S.W.2d at 349–50.

However, pursuant to T.C.A. § 32–1–202, the property devised to Taisia for life, is "prevented from passing" to her because it is a "disposition ... of property made by the will to the former spouse." Further, pursuant to the statute, that "property prevented from passing to a former spouse," "passes as if the former spouse failed to survive the decedent." The statute defeats Taisia's life estate, and, since the will makes no disposition of the decedent's property upon termination of the life estate, the property passes in fee simple to the testator's heirs, as owners of the reversion. Consequently, Dennis and Jeanette take no interest in the decedent's estate.

The result would have been different if the will had provided that *upon the death* of Taisia, the property would pass to Dennis and Jeanette. In that case, had there been no divorce, Taisia would have taken a life estate, and Dennis and Jeanette would have taken a vested remainder. Also in that case, had Taisia not survived the testator, whether or not there was a divorce, Dennis and Jeanette would have taken a fee simple estate in the property. *See Albright v. Albright*, 192 Tenn. 326, 332–33, 241 S.W.2d 415, 417–18 (1951). The application of T.C.A. § 32–1–202 to the testator's will, if it had contained the additional provision discussed, would have revoked the provision giving a life estate to Taisia, and the property would have passed to Dennis and Jeanette in fee simple.

The *statute* does not defeat any interest, vested or contingent, taken by Dennis and Jeanette under any provision of the will. If the testator and Taisia had not become divorced prior to the testator's death, Dennis and Jeanette would have taken no interest in the decedent's property upon the death of the testator. His property would have passed under the will to Taisia for life. But, since the will contains no provision for the disposition of the property upon Taisia's death (such as naming a remainderman or granting Taisia a power of appointment), her interest in and control over the property would have terminated at her death and the property then would have passed by intestate succession to the testator's heirs. *Garner v. Home Bank & Trust Co.*, 171 Tenn. 652, 659, 107 S.W.2d 223, 225 (1937) ("A remainder, undisposed of by will as to which the life tenant failed to exercise a power of appointment, passed as intestate property to the heirs or next of kin of the testator.")

A variation of the terms of the testator's will, for the purpose of analysis, puts the issue in clearer focus: "I will my property to my wife Taisia for life, and upon her death to my heirs; but, if Taisia shall not survive me, I will said property to Dennis and Jeanette." This example reaches the same result as the case before the Court. The application of the statute defeats Taisia's life estate and passes the property to the testator's heirs. The difference under this example is that the property passes to the testator's heirs under the will, while in the case before the Court, the property passes to the testator's heirs by intestate succession because there is in the will no disposition of the property to take effect upon termination of Taisia's life estate. The protagonists in that case would be the same as those in the case before the Court, the testator's heirs and Dennis and Jeanette. The testator's heirs prevail in both situations.

The appellant is, in effect, asking the Court to construe the statute so as to *create* a benefit for her children. She insists that the application of T.C.A. § 32–1–202 causes the death of Taisia for all purposes related to the will, and, therefore, the fact on which the application of paragraph III is conditioned, that Taisia not survive the testator, has been satisfied. She insists that the will be construed as if she had, in fact, predeceased the testator. The statute's effect is focused on property. It provides that any testamentary disposition made to a divorced spouse is revoked by law and the "[p]roperty *prevented from passing* to a former spouse ... *passes* as if the former

spouse failed to survive the decedent." T.C.A. § 32–1–202(b) (emphasis added). The purpose of the statute is not to confer rights that do not exist, but to eliminate the devise to a former spouse and pass the property to the next taker, whether under the will or by intestacy. Nor is the purpose of the statute to cure deficiencies in the will or provide opportunities for the courts to speculate about a testator's intent.

The result is that the testator's estate passes to his heirs.

The judgment of the Court of Appeals is affirmed. Costs are adjudged against the appellant.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.