**Ruth BILLINGSLEY, et al., Appellants,**

v.

**Estate of Julia Anne SEEBER, et al., Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Oct. 24, 1996.

Permission to Appeal Denied by Supreme Court March 17, 1997.

Thomas D. Dossett, Todd & Dossett, Kingsport, and Thomas C. Jessee, Jessee & Jessee, Johnson City, for Appellants, Ruth Billingsly and Betty Glascock.

G. Kevin Hardin, Butler, Vines & Babb, PLLC, Knoxville, for Appellants, Estate of Julia Ann Seeber by its Co–Personal Reps., John A. Thomas and Robert M. Johnston.

Martha S.L. Black, Kizer & Black, Maryville, for Appellees, Julia Walker, Barbara Grubbs, Ann Delisle, Marge Hall, Mary Shaver, Elaine Earhart, Travis Walker, A.J. Walker, Carol Walker, Mary Malone, Joe Roseberry, Janet Pace Holmes, Renee Kent, Pace Holmes, Tommy Diggs, Roland Haun, Lonas Disney, Marshall Disney, Gordon Disney and James Disney.

## OPINION

FRANKS, Judge.

In this declaratory judgment action, the Trial Court revoked testatrix's bequest to her divorced husband and declared that the estate should be distributed in accordance with the other bequests.

The testatrix's will reads in pertinent part:

1. I bequeath all my property, whether real or personal, to my husband, Lynn Seeber.

2. If my husband, Lynn Seeber, is not living at the time of my death, or if we die

in a common disaster, I make the following bequests. . . .

The testatrix and her husband were divorced in 1993. In 1994, Julia Seeber died in an automobile accident. The facts in this case were stipulated, but the parties disagree over the effect of the divorce and application of T.C.A. § 32–1–202 to her will.

The Trial Court determined that summary judgment was appropriate. He found that clause two should be read as if the husband failed to survive the testatrix and that the bequests in the will were to be followed in disposing of the estate.

Since 1985, the effect of a divorce on an existing will has been governed by the following provision:

**Revocation by divorce or annulment—**(a) If after executing a will the testator is divorced or his marriage annulled, the divorce or annulment revokes any disposition or appointment of property made by the will to the former spouse . . .

(b) Property prevented from passing to a former spouse because of revocation by divorce or annulment passes as if the former spouse failed to survive the decedent but the provisions of § 32–3–105 shall not apply. Other provisions conferring some power or office on the former spouse are interpreted as if the spouse failed to survive the decedent.

T.C.A. § 32–1–202.

*In re Walker*, 849 S.W.2d 766 (Tenn.1993), the Supreme Court applied T.C.A. § 32–1–202. In that case, Paragraph II of the will read:

I hereby give, devise, and bequeath all of my property, real, personal and mixed to the Trustees and Co–Executors hereinafter named, and their successors as their sole and absolute property and said Co–Executors and Trustees will use the said property for the support of my wife, Taisia Walker. . . .

Paragraph III read:

In the event that my wife, Taisia Walker, and myself should be killed in a common disaster or catastrophe, or should my wife, Taisia Walker, predecease me, I hereby will, devise and bequeath all of my proper-

ty, real, personal, and mixed and wheresoever located to be equally divided between the children of Taisia Walker, that is, the two children, Dennis and Jeanette.

Taisia Walker acknowledged that the statute revoked the devise to her in paragraph II. However, she argued that the paragraph III contingency "should be wife predecease me" was satisfied by the statute and therefore the property should pass to her children.

This contention was never squarely addressed by the Supreme Court because the inartful drafting of paragraph II prevented paragraph III from ever being reached. The Court determined that paragraph II created a life estate in Taisia Walker. This provision made the will incomplete, since no disposition was made for the remainder in the life estate. Without the application of T.C.A. § 32–1–202, upon the death of the testator survived by Taisia, Dennis, and Jeanette, the state of the title would have been a life estate in Taisia and reversion in the testator's heirs. Applying § 32–1–202, the property passed "as if the former spouse failed to survive the decedent," defeating Taisia's life estate and passing the property to the holders of the reversion, i.e., the intestate successors. *Id., Walker* at 769.

The Court's dicta quoting the statute's language "as if the former spouse failed to survive me" endorses the use of the legal fiction in the statute in the hypothetical version of a will providing that "upon the death of Taisia, the property would pass to Dennis and Jeanette." In that case, the property would pass to Dennis and Jeanette in fee simple, following the terms of the hypothetical will. *Walker* at 769. This result reflects an interpretation treating the divorced spouse as if she actually predeceased the testator. This interpretation is bolstered by the Court's statement that the purpose of the statute was "to eliminate the devise to a former spouse and *pass the property to the next taker*, whether under the will or by intestacy.", (emphasis added).

While the *Walker* Court does not directly address the issue before us, it contains no criticism of the use of the legal fiction. The analysis, therefore, turns on determining who

takes when the former spouse "fails to survive". In the Seeber will, there is no life estate provision. Without the application of the statute, the property would have passed to Lynn Seeber in fee simple. Applying the statute, the devise to him was revoked, and following the language of the statute, the property passes "as if the former spouse failed to survive the decedent," going to the "next taker[s]." The next takers under the terms of the will are the beneficiaries of the will's bequests, Appellees Julie Walker and others.[1]

We affirm the judgment of the Trial Court, remand and assess the costs of appeal to the appellants.

SUSANO, J., and WILLIAM H. INMAN, Senior Judge, concur.

---

1. Clearly the legislature intended that the legal fiction of death apply, and to hold otherwise would frustrate the intent of innumerable testators where their will has not been changed after a divorce.