IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 16, 2004 Session

## IN RE: NELLIE ELIZABETH CROWELL

**Direct Appeal from the Circuit Court Probate Division) for Davidson County**
**No. 00P1427     Frank G. Clement, Jr., Judge**

---

**No. M2002-02285-COA-R3-CV - Filed May 3, 2004**

---

This is a Will construction case. The decedent's Will provided that her estate would be distributed to her husband. However, the husband predeceased the decedent leaving no issue. The only remaining provision in the Will provided that her estate would be distributed to certain orphan's homes if she and her husband died at the same time. The trial court found it unreasonable to construe the Will to require simultaneous death and distributed the estate to the orphan's homes. We hold that the Will contains a failed condition resulting in intestate succession. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Mark A. Ellmore, Jr., Nashville, Tennessee, for the appellants, Joseph H. Nickens, Katherine N. Moser, Agnes E. Baker and Dana A. Nickens.

J. Frank Rudy, Jr. And W. Gregory Miller, Nashville, Tennessee, for the appellees, The Orphans' Homes Affiliated with the Free Will Baptist Church Denomination.

**OPINION**

On February 5, 1971, Nellie Elizabeth Crowell (Mrs. Crowell) executed her Will. Her husband (Mr. Crowell), whose Will was identical to Mrs. Crowell's, died on August 27, 1998. On June 8, 2000, at the age of eighty-two, Mrs. Crowell died. Her Will was admitted to probate on November 20, 2000. Her Will provides in pertinent part:

ITEM I: I direct that all of my just debts, including funeral and testamentary expenses and expenses of my last illness, be paid by my Executor as soon as convenient after my death. All inheritance, estate and other like taxes shall be paid

by Executor and charged generally against my estate without attempting to prorate the same or charge any part thereof against [a] beneficiary named herein.

ITEM II: I nominate and appoint Mr. William L. Smith,[1] a Public Accountant as Executor of this Will and direct that no bond shall be required of him.

ITEM III: I give and bequeath to my Husband, Robert H. Crowell, all assets, both real and personal and for him to have a free hand to do whatever he wishes with any or all thereof.

ITEM IV: In the event that [I] and my Husband should decease at the same time, it is my desire that my Executor dispose of all assets and any residue remaining in our estate be distributed to the Orphans homes operated by the Free Will Baptists Denomination [(Claimants)] in equal amounts to all.

In Witness Whereof, . . . .

On June 11, 2002, the trial court made a determination as to the identification of the proper heirs and beneficiaries (The Heirs) of Mrs. Crowell's estate. There is no transcript of the proceedings, but the parties entered a Statement of Evidence pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure. The Statement of Evidence provides in pertinent part:

> On behalf of the heirs of Nellie Elizabeth Crowell, Mr. Bennett F. Bratcher, Attorney[,] examined Ms. Pat Whittle, who testified as to her personal conversations with the decedent on the occasion of Ms. Whittles['] birthday party in 1992. Ms. Whittle also read from corroborating correspondence she received from Paul Crowell concerning the decedent[']s own personal comments, made to Paul Crowell, about the decedent['s] Will and her ultimate wishes concerning the disposition of her property. Decedent had made the statements to Paul Crowell during her attendance at the funeral of Pauline Crowell in 1998. On both occasions[,] the decedent stated that if her husband, [Mr. Crowell], predeceased her, she intended for her heirs to inherit her estate. . . .
>
> On behalf of the Claimants, [letters were submitted] from two of the four claimants. Each of the two claimants stated that their interpretation of the Decendent['s] Will to be that Decedent intended them to be the recipients of her estate. . . .
>
> Based upon the pleadings, statements of counsel, and statements of the witnesses . . . :
>
> 1. Under Tennessee law, it is the cardinal rule in Will construction to determine the intent of the Testator.
> 2. Courts will endeavor to avoid intestacy if at all possible.
> 3. A Will should be construed as if the Decedent prepared and executed it on the date of death.
>
> In accordance with these principles[,] the Court concluded as follows:

---

[1] Joseph H. Nickens, the brother of Mrs. Crowell, replaced Mr. Smith as the executor of the Will.

1. The Last Will and Testament of [Mrs.] Crowell was duly executed in accordance with Tennessee law on February 5, 1971.
2. ITEM III of the Will provided for [Mrs.] Crowell's estate to be distributed to her husband, [Mr.] Crowell, however [Mr.] Crowell predeceased his wife.
3. In the event that [Mrs.] Crowell[']s husband predeceased her, ITEM IV of the Will provided for [Mrs.] Crowell[']s residuary estate to be distributed in equal amounts to the [Claimants]. The Court found it unreasonable [to] construe the Will in such a way as to require simultaneous death by [Mrs.] Crowell and her husband in order to conclude that [Mrs.] Crowell intended to leave her estate to the [Claimants]. Therefore, the Trial Court found proper construction of ITEM IV of the Will provides for equal distribution of the entire estate to the claimants in this matter since [Mrs.] Crowell's husband had predeceased her.

On September 19, 2002[,] certain heirs of the Estate of [Mrs.] Crowell filed a Notice of Appeal regarding the Court's decision.

## Issue Presented

The Heirs appeal and present the following issue, as we perceive it, for our review:

Whether the trial court erred in construing Mrs. Crowell's Will to provide for distribution of Mrs. Crowell's residuary estate in equal amounts to the Claimants.

## Standard of Review

In a Will construction case, the Tennessee Supreme Court has stated that "'[w]hen there is no conflict in the evidence as to any material fact, as in this case, the question on appeal is one of law, and our scope of review is de novo with no presumption of correctness accompanying the Chancellor's conclusions of law.'" *In re Estate of Vincent*, 98 S.W.3d 146, 148 (Tenn. 2003) (quoting *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

## Will Construction

In Will construction, "[t]he cardinal rule . . . is the ascertainment of the intent of the testator. That intent, when known, will be given effect unless prohibited by some rule of law or public policy." *In re Walker*, 849 S.W.2d 766, 768 (Tenn. 1993) (citing *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991)). Further, in Will construction:

the testator's intention must be ascertained from "that which he has written" in the will, and not from what he "may be supposed to have intended to do," and extrinsic

evidence of the condition, situation and surroundings of the testator himself may be considered only as aids in the interpretation of the language used by the testator, and "the testator's intention must ultimately be determined from the language of the instrument weighed in the light of the testator's surroundings, and no proof, however conclusive in its nature, can be admitted with a view of setting up an intention not justified by the language of the writing itself.

*Nichols v. Todd*, 101 S.W.2d 486, 490 (Tenn. Ct. App. 1936) (quoting Sizer's Pritchard on Wills §§ 384, 387, 388, and 409 (2nd Ed.)).

In this case, the plain language of the Will provides first that Mrs. Crowell's husband, Mr. Crowell, was to take her estate. However, Mr. Crowell predeceased his wife and left no issue resulting in the bequest and devise lapsing. *See* Tenn. Code Ann. § 32-3-105 (2001). Item IV of the Will provides that "[i]n the event that me and my Husband should decease at the same time, it is my desire that my Executor dispose of all assets and any residue remaining in our estate be distributed" to the Claimants. Under the plain language, this provision cannot be effectuated because Mr. Crowell predeceased Mrs. Crowell by nearly two years. The logical result, under the plain language, would be a failed condition under a conditional Will with an intestate distribution of Mrs. Crowell's estate. However, it is a general rule of Will construction that when a Will has been executed, "there is no presumption of an intention to die intestate." 80 Am. Jur. 2d *Wills* § 1037 (2002).

This Court recently addressed the issue of conditional Wills in *In re Estate of Franklin*, E2000-02687-COA-R3-CV, 2001 WL 896635 (Tenn. Ct. App. Aug. 9, 2001) (*no perm. app. filed*). In that case, the Will provided:

I[,] Gloria Franklin[,] leave[] everything I own incl[]uding farm, vehic[]les . . . to Jess & Terry Waltman in case I die on my way to & from Jersey.

*Id*. at *1. Ms. Franklin did not die on her trip to Jersey. *Id*. This court stated:

In determining whether a will is conditional or contingent, a court must first determine "whether the happening of the possibility referred to is a condition precedent to the operation of the will, or whether the possibility of the happening was only a statement of the motive or inducement which led to the preparation and execution of the instrument."

*Id*. at *2 (quoting *Bagnall v. Bagnall*, 225 S.W.2d 401, 402 (Tex. 1949)). In answering this question, this Court laid out several factors that should be considered:

(1) the circumstances surrounding the execution of the document; (2) any statements made by the decedent following the execution of the document; (3) the manner in which the document was kept after the time for the purported contingency had

-4-

lapsed; (4) the decedent's education and knowledge of the law; (5) whether any subsequent testamentary documents were made; (6) whether the contingency bears a reasonable relation to the disposition of the decedent's property; (7) whether a finding of a conditional will means that the deceased died intestate; (8) whether effectuating the terms of the will would be inequitable under the circumstances; and (9) such other relevant factors as bear on the issue at hand.

*Id*. at 4. In that case, it was undisputed that Ms. Franklin "was motivated by the news of an automobile accident to make a will. It is also undisputed . . . that [Ms. Franklin] told others that she wanted the same disposition of her property whether she died on the trip or at any other time." *In re Estate of Franklin*, No. E2003-00926-COA-R3-CV, 2003 WL 22734618, at *2 (Tenn. Ct. App. Oct. 17, 2003) (*no perm. app. filed*).[2] The trial court also found that Ms. Franklin had no special education or knowledge of the law which led this Court to conclude that she would have no reason to think that the language used about her trip to Jersey would affect the validity of the Will. *Id*. Based upon these facts, this Court concluded that the language used by Ms. Franklin in the Will was not a condition precedent to the operation of the Will but rather her knowledge of a recent traffic accident in the context of her pending trip to Jersey induced her preparation and execution of the Will. *Id*. at *3.

In the present case, the statement of evidence does not provide facts relevant to all of the factors enumerated in the *Franklin* case but does provide sufficient facts to determine whether Ms. Crowell's Will is conditional. Unlike the *Franklin* case, there was no testimony from Mrs. Crowell that she intended for her estate to go to the Claimants in the event that she and Mr. Crowell did not pass away at the same time. Rather, there was testimony from an apparent disinterested witness that on at least two occasions, Mrs. Crowell had said that if Mr. Crowell predeceased her, she intended for her estate to be distributed to her heirs. The statement of evidence also includes two letters from the Claimants, who, based solely on the reading of Mrs. Crowell's Will, believed that Mrs. Crowell intended her estate to be distributed to the Claimants. Based upon this evidence, we cannot conclude that the condition contained in Item IV of the Will was a motive or inducement for Mrs. Crowell to make the Will. Rather, the only permissible construction is that the condition was precedent to the Will's operation. The failed condition results in Mrs. Crowell's intent, based upon the testimony, that her estate be distributed to her heirs, be effectuated through intestate succession. Accordingly, on remand, the distribution of Mrs. Crowell's estate shall proceed in accordance with the intestacy provisions of Tenn. Code Ann. §§ 31-2-101 to -110 (2001).

---

[2]The findings of fact occurred after the case was remanded to the trial court after the first opinion. *In re Estate of Franklin*, 2001 WL 896635, at *4-5. This second opinion was the result of an appeal from the trial court after remand. *In re Estate of Franklin*, 2003 WL 22734618, at *1.

## **Conclusion**

In light of the foregoing, we reverse the decision of the trial court to distribute Mrs. Crowell's estate to the Claimants. Costs of this appeal are taxed to the Appellees, Free Will Baptist Ministries, Inc., Free Will Baptist Orphanage, Inc., Free Will Children's Home of Alabama, and Harvest Free Will Baptist Child Care Ministries, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE