George W. HUSSEY, et al., Plaintiffs,

v.

Joe A. RAGSDALE, et ux., Defendants.

Joe A. RAGSDALE, et ux., Dortha
M. Ragsdale, Third Party
Plaintiffs/Appellees,

v.

METROPOLITAN HOUSING II, LTD.,
Samuel L. Johnson, III and William G.
Taylor, Third Party Defendants/Appellants.

Supreme Court of Tennessee,
at Nashville.

April 27, 1992.

Kenneth R. Jones, Jr., O'Hare, Sherrard & Roe, Nashville, for plaintiffs.

Tracy Shaw, Howell, Fisher & Branham, Nashville, for third-party defendants/appellants.

Thomas M. Black, Stewart & Black, Madison, for third-party plaintiffs/appellees.

OPINION

REID, Chief Justice.

This case presents an appeal by the purchaser of realty from the judgment of the Court of Appeals affirming a summary judgment for debt in favor of the appellants' predecessors in title. The record does not support the summary judgment.

The original owners, George W. Hussey, et al. (Hussey), on November 3, 1983, conveyed the property by deed of trust to secure an FHA guaranteed loan to Hussey by Leader Federal Savings and Loan Association (Leader Federal) payable in monthly installments for a term of 30 years. Six days later, Hussey conveyed the property to Joe A. Ragsdale, et ux. (Ragsdale). By that conveyance, Ragsdale assumed and agreed to pay, according to its terms, the debt owed Leader Federal by Hussey. Monthly payments were made by Ragsdale until February 15, 1984, when Ragsdale sold the property to Metropolitan Housing II Ltd. (Metropolitan). Ragsdale and Metropolitan executed a contract for the sale of the property dated February 15, 1984, and on March 1, 1984, Ragsdale conveyed the property to Metropolitan by warranty deed. A dispute regarding the terms of the sale is the basis of the suit.

Metropolitan made the payments due on the Leader Federal debt only through October 1, 1985. Because the loan then became delinquent, the deed of trust was foreclosed and the property was sold, resulting in a deficit due Leader Federal. Upon demand by the holder of the note, Hussey, the

original maker, paid $25,500 in satisfaction of the deficit.

Hussey brought suit against Ragsdale seeking recovery of the amount paid to satisfy the deficiency, and Ragsdale, in a third party action against Metropolitan, claimed that under the terms of the conveyance from Ragsdale to Metropolitan, Metropolitan agreed to pay the balance due on the Leader Federal loan.

The trial court entered judgment for Hussey against Ragsdale for $25,500 plus interest, attorneys fees, and costs, granted Ragsdale's motion for summary judgment against Metropolitan for the same amount, and denied Metropolitan's motion for summary judgment of no liability.

The contract for sale is a printed form with blanks filled in with typewriting. The pertinent provisions are as follows, with the typed portion underlined:

PURCHASE PRICE: $Approx. $422,000 payable as follows: Exactly $24,000 cash at closing. Balance to be paid through Buyer's agreement to make all payments on the existing first mortgage with Leader Federal Company from and after the closing date.

It is expressly understood that Buyer will not assume said first mortgage, but will take title to the property subject to said first mortgage.

Seller warrants that the first mortgage has the following terms:

1. Type of loan FHA
2. Principal Balance $398,400 approx. ($49,800 ea.)
3. Terms 30 Years.
4. Years Remaining 29+.
5. Interest Rate 13%.

The relevant portion of the warranty deed is as follows:

This conveyance is made subject to: ... (2) Deed of Trust of record in Book 6172, page 573; ....

▮ The law is well-settled that in the absence of a specific agreement by the purchaser of mortgaged real property to assume the mortgage debt, the purchaser is not liable to the mortgagee for the pre-existing debt, nor is the purchaser obligat-

ed to indemnify the grantor for any deficiency judgment following foreclosure. *Sanders v. Lackey*, 59 Tenn.App. 207, 439 S.W.2d 610 (1969); 3 R. Powell & P. Rohan, *Powell on Real Property* § 457[3], [4] (1991); 19 Tennessee Jurisprudence *Mortgages and Deeds of Trust* § 35 (1985); 5 H. Tiffany, *The Law of Real Property* 364–65 (3d ed. 1939). The rule in Tennessee is as stated in 9 G. Thompson, *Thompson on Real Property* § 478 (1958 & Supp.1981) as follows:

A transferee of the equity or right of redemption [held by the mortgagor] does not necessarily make the transferee personally liable for the payment of the debt. If the transfer is merely subject to mortgage, the debt does not impose a personal liability on the transferee. To be held personally liable he must in some manner assume the debt. Such liability will not be implied.

*Id.* (footnotes omitted).

Ragsdale contends that according to the language of the contract for sale, Metropolitan agreed to pay the debt due Leader Federal. The language on which Ragsdale relies is: "Balance to be paid through Buyer's agreement to make all payments on the existing first mortgage with *Leader Federal* Company from and after the date of closing." Ragsdale insists that under the authority of *Fuller v. McCallum & Robinson, Inc.*, 22 Tenn.App. 143, 118 S.W.2d 1028 (1937), that where the amount of the encumbrance debt is included as part of the purchase price there is an "implied personal liability" despite the express provision in the contract that the buyer does not assume the mortgage. Ragsdale misapprehends the holding in *Fuller*. The essential issue in *Fuller* was whether the contract for sale of property becomes merged into the deed executed pursuant to the contract. With regard to that issue, which was not raised in the case at bar, the Court stated,

Where there has been a contract for the sale of real estate at a designated sum, and included in the total amount of the consideration recited in the contract of sale is a mortgage indebtedness

against the property, *and this mortgage debt is specifically assumed in the contract of sale*, and the deed executed pursuant thereto, does not purport to set out the true consideration, but recites the consideration as a stated nominal sum and other valuable considerations, it is always permissible to prove the actual consideration to be paid by the vendee to the vendor.

118 S.W.2d at 1037. The underlined is the provision in that rule that defeats Ragsdale's argument. Rather than being "specifically assumed" in the contract between Ragsdale and Metropolitan, the contract provides specifically that the buyer "will not assume" the mortgage. Ragsdale would disregard the provision in the contract that in full states: "It is expressly understood that Buyer will not assume said first mortgage, but will take title to the property subject to said mortgage," and also would ignore the language in the deed in which Ragsdale acknowledges that the conveyance is made subject to the deed of trust.

With reference to the determinative issue in this case, the Court in *Fuller* stated,

> The general rule is that where a conveyance is made subject to an encumbrance debt, and the payment of the encumbrance is not assumed by the vendee, that as a general rule, the vendee is not liable for the mortgage debt, or any deficiency that may result from the foreclosure of the mortgage, nothing else appearing.

118 S.W.2d at 1037.

■ The plain language of the contract and the deed is controlling. There is nothing else appearing in this case. Rather than taking this case out of the general rule as stated in *Fuller*, the language of these instruments show that Metropolitan did not assume the mortgage debt, but took the property subject to the mortgage. It follows that Metropolitan is not liable to Ragsdale for the deficiency. Based on the plain language of the contract and the deed, Metropolitan is entitled to summary judgment of no liability.

The judgment of the Court of Appeals is reversed, and the case is remanded for entry of a judgment in favor of Metropolitan.

The costs are taxed against the appellees.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.