**In re ESTATE OF George C. VINCENT.**

Supreme Court of Tennessee, at Knoxville.

January 8, 2003 Session.

Feb. 5, 2003.

Roy L. Aaron and Kristi M. Davis, Knoxville, Tennessee, for the appellant, John Oliver.

Reid Troutman, LaFollette, Tennessee, as Personal Representative of the Estate of George C. Vincent.

Johnny V. Dunaway, LaFollette, Tennessee, for the appellee, William J. Vincent.

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

## OPINION

In this will construction case, we address the question of whether or not the doctrine of exoneration applies to a mortgage on real property passing by right of survivorship where the decedent's will directed that his personal representative pay all his "just debts." We find that the general direction to pay "just debts" is not sufficient to require that the estate pay the remaining balance on the mortgage of non-probate property. Furthermore, additional language in the will regarding the payment of installment debts is not sufficient to indicate that the testator intended to include mortgages of non-probate property where the testator's will specified only one beneficiary and did not mention either the property held by joint tenancy or the joint tenant.

### *Factual Background*

The facts in this case are uncontested. On January 22, 1993, George Vincent (the "decedent") purchased a house and lot for $255,000.00 in Deerfield Resort, Campbell County, Tennessee (the "Deerfield property"). On the day of purchase, the decedent signed an adjustable rate note (the "note") with Home Federal Bank ("Home Federal") for $150,000. The note was secured by a Deed of Trust on the property (the "mortgage"), which was recorded on January 26, 1993.

On June 17, 1993, the decedent executed a deed conveying full title and interest in

the Deerfield property to himself and the plaintiff, William J. Vincent ("Vincent"), his nephew, as joint tenants with right of survivorship. The deed was recorded on July 7, 1993. The decedent alone made all monthly installment payments up until his death.

George Vincent died testate on February 22, 2001. The Last Will and Testament of George Vincent (the "will"), dated February 1, 2001, contains the following general instructions with regard to the payment of his debts:

> *Second:* I direct my Executor to pay all my just debts and funeral expenses; provided, however, any installment debts secured by real estate may, in the discretion of my executor, continue to be paid on an installment basis for so long as my Executor deems such method of payment to be beneficial to my estate.

In the will, the decedent directed that all of his real and personal property go to John Oliver ("Oliver"). There was no mention of Vincent, the Deerfield property, or the mortgage.

After the decedent's death, no further installment payments were made, and the mortgage on the Deerfield property went into default. Following the will's admission to probate, Home Federal filed a claim against the estate for the balance of the mortgage, $128,341.62. On June 25, 2001, Vincent instituted this action for declaratory judgment, seeking a declaration from the chancery court that he was entitled to exoneration of the mortgage debt on the property he had acquired by right of survivorship. On August 3, 2001, Reid Troutman, Personal Representative of the decedent's estate, filed an exception to Home Federal's claim. The trial court held that the property was not a part of the estate and that Vincent was not entitled to exoneration of the mortgage debt.

The Court of Appeals reversed the trial court, finding that the decedent "was solely responsible for the indebtedness to Home Federal" and that "the indebtedness to Home Federal is a 'just debt' of the estate." The Court of Appeals concluded that its decision "results in the exact situation which would have occurred had the decedent not passed away and continued to make monthly payments, as he did until his death, until the mortgage was paid."

We granted the defendants' application for permission to appeal and now reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court.

### Standard of Review

■ "[W]hen there is no conflict in the evidence as to any material fact, as in this case, the question on appeal is one of law, and our scope of review is de novo with no presumption of correctness accompanying the Chancellor's conclusions of law." *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993).

### Analysis

■ Under the common law doctrine of exoneration, an heir or devisee is generally entitled to have encumbrances upon real estate paid by the estate's personalty unless, in the devisee's case, the will directs otherwise. *See, e.g., In Re Estate of Wyatt,* 2002 WL 1332485 at *5–6 (Tenn.Ct. App. June 17, 2002), *perm. app. denied* (Tenn.2002); J. Kraut, Annotation, *Right of heir or devisee to have realty exonerated from lien thereon at expense of personal estate,* 4 A.L.R.3d 1023 (1965). Vincent, despite taking title by deed and not through devise or descent, argues that the doctrine of exoneration should be applied to his situation as well, and that this Court should extend the doctrine to apply to mortgages on property passing outside probate.

■ The plaintiff cites to traditional exoneration cases, involving heirs taking through intestacy, *American Surety Co. v. Grace*, 151 Tenn. 575, 271 S.W. 739 (1925) and *O'Conner v. O'Conner*, 88 Tenn. 76, 12 S.W. 447 (1889), to show, by analogy, that he is entitled to exoneration. The Court found that the personal representative in *Grace* had an obligation to discharge the debt on property passing through intestacy. The plaintiff maintains that the property in *Grace* is analogous to the Deerfield property because neither property is technically part of the estate. Thus, the plaintiff argues, the doctrine of exoneration should apply to the Deerfield property as it does to property passing by intestacy. We disagree. It is true that "[t]he real property of an intestate decedent shall vest immediately upon death of the decedent in the heirs," and that the "real property of a testate decedent vests immediately upon death in the beneficiaries named in the will. . . ." Tenn.Code Ann. § 31–2–103 (2001). Vincent asserts that property passing by right of survivorship, which also occurs at the moment of death, is therefore the functional equivalent of property passing by devise or descent. However, Vincent fails to recognize that if the decedent's personal property is insufficient to pay the debts of the estate, the personal representative has the right to use real property passing through devise or descent to discharge such debts. *See id.* In contrast, property passing by right of survivorship passes by deed and cannot be utilized by the administrator or executor in cases of insolvency. Therefore, it is clear that property passing through probate and property passing through non-probate means are not analogous in terms of their benefits and obligations to the estate. Thus, plaintiff's assertion that his taking by right of survivorship is the "equivalent of a testamentary bequest" has no merit,

and his argument for extension of the exoneration doctrine fails.

Furthermore, a number of jurisdictions have abrogated the common law doctrine of exoneration, requiring that wills specifically direct that exoneration is intended for encumbered property. *See, e.g.,* Mass. Gen. Laws ch. 191, § 23 (2002); N.J.Rev. Stat. § 3B:25–1 (2002), Neb.Rev.Stat. § 30–2347 (2002); N.Y Est. Powers & Trusts Law § 3–3.6(a) (McKinney 1981); Okla. Stat. Ann. tit. 46, § 5 (2002); Wash. Rev.Code § 11.12.070 (2002). Some statutes, like those of Nebraska, New York, and the Uniform Probate Code, stipulate that a general direction to pay debts is not enough to exonerate specifically devised property. *See* Neb.Rev.Stat. § 30–2347 (2002); N.Y Est. Powers & Trusts Law § 3–3.6(a) (McKinney 1981); Uniform Probate Code, § 2–609.

We find that the general language in the decedent's will, directing his personal representative to pay all of his "just debts," is not sufficiently clear to justify the exoneration of a mortgage on property passing by right of survivorship. As stated, the common law doctrine of exoneration did not apply to property passing by right of survivorship. Furthermore, given the trend in other states to limit the common law doctrine by requiring specific language indicating an intent to exonerate devised property, it would be inappropriate to interpret general language such as "just debts" as evincing an intent to exonerate property passing outside probate. In the absence of guidance from the General Assembly, we decline to extend the common law doctrine of exoneration in this manner.

The plaintiff argues further that the additional language regarding installment debts following the directive to pay "just debts" supports his contention that the decedent meant for all of his outstanding

mortgages—on both probate and non-probate property—to be paid by his estate.

■ However, the cardinal rule for interpreting and construing a will is to ascertain the intent of the testator and to give effect to that intent unless prohibited by law or public policy. *See Winningham v. Winningham*, 966 S.W.2d 48, 50 (Tenn. 1998) (citing *In Re Walker*, 849 S.W.2d 766, 768 (Tenn.1993) and *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991)). Furthermore, such "intention is to be gathered from the scope and tenor of the whole will. . . ." *Podesta v. Podesta*, 28 Tenn.App. 282, 189 S.W.2d 413, 415 (1945) (citing *Hoggatt v. Clopton*, 142 Tenn. 184, 217 S.W. 657, 659 (1919)). In this case, the clearly stated intent of the decedent is to benefit the sole beneficiary of the will. Furthermore, the decedent had two opportunities to direct that Vincent was to receive the Deerfield property free and clear: he could have purchased the property outright, avoiding a mortgage altogether, or else expressly directed in his will that the Deerfield property mortgage be paid from his estate. The brevity of the will, the direction to give all his property, both real and personal, to John Oliver, and the absence of language mentioning either the plaintiff or the Deerfield property in the will require this Court to infer that the decedent intended that his entire estate pass to the stated sole beneficiary. This Court believes that it would be overreaching to find that the language regarding installment payments applies to unnamed, non-probate property.

We are in agreement with the defendants that the plaintiff took the Deerfield property subject to the mortgage. In *Swope v. Jordan*, 107 Tenn. 166, 64 S.W. 52 (1901), we said that "[w]here the mortgagor conveys by deed absolutely silent with respect to the outstanding mortgage, the grantee, of course, takes the land encumbered by the mortgage, if he has actual notice of it, or constructive notice by record or otherwise." *Swope*, 64 S.W. at 54 (quoting 3 Pomeroy's Equity, § 1205). The plaintiff argues that his taking subject to the mortgage does not require him to pay the mortgage, but that taking "subject to" only means that he cannot contest the validity of the mortgage. We agree that the plaintiff has no legal obligation to pay the mortgage. However, as a practical matter, the plaintiff must continue to pay the mortgage in order to continue to enjoy the benefits of ownership.

In *Hussey v. Ragsdale*, 831 S.W.2d 279 (Tenn.1992), this Court stated that where a mortgage is not assumed by a vendee, that " 'vendee is not liable for the mortgage debt, or any deficiency that may result from foreclosure.' " *Hussey*, 831 S.W.2d at 281 (citing *Fuller v. McCallum & Robinson*, 22 Tenn.App. 143, 118 S.W.2d 1028, 1037 (1937)). In *Hussey*, the vendee, having taken property subject to a mortgage, was not required to pay the mortgage debt, but in order to avoid foreclosure, the vendee had to continue making payments. The vendor in *Hussey*, still responsible for the mortgage, was responsible for the deficiency on foreclosure. Similarly, the estate in this case would be responsible for any deficiency on foreclosure of the Deerfield property.

Were this Court to order the estate to pay the balance on the Deerfield property mortgage, the sole beneficiary of the will would suffer. On the other hand, the plaintiff is not harmed by taking the property subject to the mortgage. The plaintiff has several options. He can continue ownership of the property by paying the mortgage, or he can sell the property and

redeem any existing equity,[1] or he can allow the bank to foreclose.

Therefore we find that the mortgage on the Deerfield property is not an obligation of the estate. This is the correct result as a matter of public policy because it gives effect to the stated intent of the testator. Under these facts, having taken the property subject to the mortgage, Vincent must continue to pay the mortgage in order to continue to enjoy ownership.

### *Conclusion*

For the reasons stated herein, the judgment of the trial court is reinstated, and the judgment of the Court of Appeals is reversed. Costs of this appeal are taxed to the plaintiff, William J. Vincent.

---

1. The record indicates that the purchase price of the Deerfield property was $255,000.00. The remaining balance on the mortgage is $128,341.62. Thus, one may infer that a considerable amount of equity exists.