IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

January 19, 2005 Session

# VERNON MCBRIDE, JR., INDIVIDUALLY AND AS CO-EXECUTOR OF THE LAST WILL AND TESTAMENT OF VERNON MCBRIDE, SR. AND AS ATTORNEY IN FACT FOR BEULAH KATE MCBRIDE, AND VERNON MCBRIDE, III, CO-EXECUTOR OF THE LAST WILL AND TESTAMENT OF VERNON MCBRIDE, SR. v. BARBARA KATE SUMROW

**An Appeal from the Chancery Court for Lauderdale County**
**No. 12,546   Martha Brasfield, Chancellor**

---

**No. W2004-01086-COA-R3-CV - Filed June 15, 2005**

---

This is a will construction case. The decedent died testate in May 2002. In his will, he left certain properties in trust for the benefit of his spouse during her lifetime. The will detailed how the properties were to be distributed in the event his spouse predeceased him. The will did not state how the remainder interest in the properties was to be distributed in the event his spouse survived him. The decedent was survived by his spouse. The co-executors filed a declaratory judgment action to interpret the will. The trial court ruled that the decedent died partially intestate, with the remainder interest in the specific properties passing through the laws of intestate succession. The co-executors of the trust appealed, arguing that the there was an error in the drafting of the will and that the decedent would have wanted the properties to be distributed in the same manner, regardless of whether his spouse predeceased him. We affirm, finding that, under these circumstances, the will cannot be reformed and the property must pass through the laws of intestate succession.

**Tenn. R. App. P. 3 Appeal as of Right; the Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

J. Thomas Caldwell, Ripley, Tennessee, for plaintiffs/appellants Vernon McBride, Jr., and Vernon McBride, III

Douglas W. Wilkerson and W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for defendant/appellee Kate Sumrow

**OPINION**

Vernon McBride, Sr. ("Decedent") died testate on May 10, 2002. He was survived by his wife, Beulah Kate McBride, his son Vernon McBride, Jr., ("Vernon, Jr.") and a daughter, Barbara Kate Sumrow. The decedent's will was admitted to probate on May 17, 2002. On the same day, Vernon, Jr. and Vernon McBride, III ("Vernon, III") were named co-executors of the estate. The will created the Vernon McBride, Sr. Unified Credit Trust and named Vernon McBride, Jr. trustee.

On November 21, 2002, Vernon, Jr., acting as co-executor and attorney in fact for Beulah Kate McBride, and Vernon, III, acting as co-executor, ("Co-executors") filed a declaratory judgment action in the Lauderdale County Chancery Court, asking the court for a declaratory judgment interpreting certain provisions of the Decedent's will. The provisions of the will at issue state as follows:

ITEM III
VERNON McBRIDE, SR. UNIFIED CREDIT TRUST

If my wife, BEULAH KATE STEWART McBRIDE, shall survive me, I bequeath to my Trustee, in Trust, a sum equal to the maximum amount that can pass estate or inheritance tax free under the applicable Sections of the Internal Revenue Code or as amended, as adjusted by the applicable Code Sections 6018(a)(3), 6018(A)(4), and for which no deduction is allowed under Sections 2055 and 2056 for the Internal Revenue Code or as amended and taking into account the state death tax credit.

The beneficiary of the VERNON McBRIDE, SR. UNIFIED CREDIT TRUST is my wife, BEULAH KATE STEWART McBRIDE, who shall receive, on an annual basis or more frequent basis, all the income from the VERNON McBRIDE, SR. UNIFIED CREDIT TRUST

. . .

This trust should be funded with the Plummer Property . . . the Kee Property . . . the Turner Property. . . and the Brooks Place property. . . . In the event my spouse predeceases me, I leave to my daughter, BARBARA KATE SUMROW, a tract of land of approximately thirty-six (36) acres, more or less, which is the remainder of the property known as the Brooks Place. This tract adjoins a four (4) acre tract, where her house is located, which I previously deeded to her and taking into consideration that the fact that I had earlier deeded my two-thirds (2/3) interest in my home place on Ashbury Road to my son, VERNON McBRIDE, JR. In the event my spouse predeceases me, I leave to VERNON McBRIDE, JR., the Plummer property of approximately eighty-five (85) acres, the Kee Property as to my undivided one-half (½) interest of approximately one-hundred (100) acres and the Turner Property of approximately one-hundred-fifty-six (156) acres.

In the event my spouse predeceases me, the balance of the Trust assets shall go my to children, VERNON McBRIDE, JR. of Ripley and BARBARA KATE SUMROW of Ripley, Tennessee, in equal shares, share and share alike per stirpes.

ITEM IV

All the rest, residue and remainder of the estate which I may own at the time of my death, real, personal or mixed, tangible and intangible, of whatsoever nature and wheresoever situated, including the proceeds of any and all life insurance policies on my life payable to my estate, or the Co-Executors thereof . . . I bequeath in fee to my beloved wife, BEULAH KATE STEWART McBRIDE. In the event my spouse predeceases me the balance of my residuary Estate is to be divided equally between by (sic) two (2) children, VERNON McBRIDE, JR. and BARBARA KATE SUMROW in equal shares, share and share alike.

In the initial complaint, the Co-executors asked the court to declare that Beulah McBride held a life estate in the trust property. Then, assuming that the trial court found that Beulah McBride held a life estate, the Co-executors asked the court to determine the takers of the remainder interest. By an agreed order dated January 15, 2003, the Chancery Court held that the Decedent's spouse, Beulah McBride, held a life estate in the property and no remainder interest. The court reserved the remaining issue, the disposition of the remainder interest.

On March 25, 2004, the Co-executors were permitted to amend their initial complaint ("Amended Complaint"), to assert that discovery taken in the case "revealed mistake and inadvertence in the wills (sic) preparation," and that the Decedent intended the will to state "at the death of my spouse" instead of the words "in the event my spouse predeceases me." The Amended Complaint asked the trial court to reform the will, either to reflect the correction or to strike the language "in the event my spouse predeceases me." The Co-executors argued that the Decedent intended for each of his two children to receive the specific property devised to them in Item III of the will upon the death of Beulah McBride. The complaint stated that the defendant, the Decedent's daughter, Barbara Kate Sumrow ("Sumrow"), contends that the will is complete on its face and the trust corpus vests in the Decedent's children, McBride, Jr., and Sumrow equally.

At a hearing before the trial court on the matter, the Co-executors urged the court to reform the will as requested because to do otherwise would result in partial intestacy. In response, Sumrow alleged that Decedent, her father, intended to treat his children equally, thus the property should be allocated based on intestacy.

By order dated April 13, 2004, the Chancery Court issued its ruling. In the order, the judge first noted that "[t]he basic rule in the construction of wills is for the court to determine the intent of the testator." *Burchfiel v. First United Methodist Church of Sevierville*, 933 S.W.2d 481, 482 (Tenn. Ct. App. 1996). In this case, both parties agreed that the ambiguity found in the Decedent's will is a patent ambiguity, that is, ambiguity produced by a deficiency in the language of the will. The

-3-

trial judge noted that parol evidence may not be used to explain a patent ambiguity or to aid in determining the intent of the testator. ***Burchfiel v. First United Methodist Church of Sevierville***, 933 S.W.2d 481, 482 (Tenn. Ct. App. 1996).

> In its order, the trial court summarized the parties' arguments as follows:
>
> The Co-Executors argue that the Court should construe the will to devise the farms set out in Item III in the same manner as the [Decedent] devise (sic) the farms "in the event my spouse predeceases me." To construe the will in this manner, the Court would have to insert at least one sentence which states, "[I]n the event my spouse survives me, I leave to Vernon McBride, Jr. [specific farms], and I leave to Barbara Kate Sumrow [specific farms]."
>
> [Sumrow] argues that the Court should look to the last sentence of Item IV, which states, "In the event my spouse predeceases me, the balance of my residuary estate is to be divided equally between my two children, Vernon McBride, Jr. and Barbara Kate Sumrow in equal shares, share and share alike."
>
> To follow [Sumrow's] argument, the Court would have to again insert a sentence, which begins, "In the event my spouse survives me, the balance of my residuary estate is to be divided equally between my two children, . . ."

The trial court went on to state:

> The Court cannot find that the farmland in Item III should be distributed as set out in Item III, regardless of whether the spouse predeceased or survived the [Decedent].There is nothing on the face of the will which sets out how the specified farms are to be distributed upon the death of the spouse if she survives the [Decedent]. The Court cannot rule as a matter of law that, because the [Decedent] left the specified farms in one manner if his spouse predecease him, that he intended to leave the specified farms in the same manner if his spouse survived him. Therefore, the Court finds that it cannot construe the will in the manner proposed by the Co-Executors. The same finding holds true as to the arguments set forth by [Sumrow].

Since it had been agreed that the interest of the surviving spouse was for her lifetime only, the trial court held that there was no disposition of the remainder interest in the farms in the Decedent's will. Therefore, the trial court held, the Decedent died intestate as to the farms used to fund the trust. As a result, the farms would pass through intestate succession, resulting in Vernon, Jr. and Sumrow each receiving a half interest. From this order, the Co-executors appeal, arguing that the trial court erred in refusing to reform the will.

The construction of a will is a question of law for the court. ***Presley v. Hanks***, 782 S.W.2d 482, 487 (Tenn. Ct. App. 1989). The cardinal rule in construction of a will is that the court shall

seek to discover the intention of the testator and give effect to it unless it contravenes some rule of law or public policy. ***Third Nat'l Bank in Nashville v. First Am. Nat'l Bank of Nashville***, 596 S.W.2d 824, 828 (Tenn. 1980).

On appeal, the Co-executors assert that there was plain error in the drafting of the will and that the Decedent's clear intent was to leave his widow a life estate in the farms with specific properties passing to the remaindermen as shown in the will. They argue that allowing the farms to pass through intestate succession frustrates the Decedent's intent of disposing of his property through his will. Further, the Co-executors argue that the trial court erred in finding that the intent of the testator cannot be gleaned from the express terms of the will.

As stated above, both parties agreed that the ambiguity found in the will is a patent ambiguity and, as such, extrinsic evidence may not be used to determine the intent of the testator. Instead, we must look only to the language of the will. After doing so, we must agree with the analysis of the trial court, that the Court cannot simply assume that the Decedent intended to distribute his property in a given manner if his spouse survived him. The will does not address how to distribute the farms in the event the Decedent's spouse survived him. Under these circumstances, we agree with the trial court's finding that the properties at issue must pass through intestacy.

The decision of the trial court is affirmed. Costs of this appeal are taxed to the appellants, Vernon McBride, Jr. and Vernon McBride III, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE