IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 17, 2012 Session

# IN RE ESTATE OF MARGARET L. SWIFT

**Direct Appeal from the Probate Court of Shelby County**
**No. D6369      Robert Benham, Judge**

**No. W2012-00199-COA-R3-CV - Filed November 20, 2012**

This appeal involves the interpretation of a will. The named residuary beneficiary predeceased the testatrix. The executrix of the decedent's estate argued that a survivorship requirement in the will applies to the named residuary beneficiary, so her interest lapsed. The issue of the residuary beneficiary argued that the survivorship requirement did not apply to the residuary beneficiary, so Tennessee's anti-lapse statute operates to pass the beneficiary's interest to her issue. The trial court held for the executrix, construing the will so as to apply the survivorship requirement to the residuary beneficiary. We agree with the trial court's interpretation of the will, and so affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court is Affirmed
and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, J., joined; ALAN E. HIGHERS, P. J., W.S., dissented.

Walter L. Evans, II, Memphis, Tennessee, for the Respondent/Appellant, Brannon R. Wesley

Kathleen N. Gomes, Memphis, Tennessee, for the Beneficiary/ Appellee, Haywood Mull, Jr.

Kevin E. Childress, Memphis, Tennessee, for the Petitioner/Appellee, Christine Smith, Executor of the Estate of Margaret L. Swift

# OPINION

## FACTS AND PROCEEDINGS Below

This appeal centers on the interpretation of a will. On June 28, 1984, Margaret L. Swift (Testatrix), executed her Last Will and Testament (Will). At the time, the Testatrix was a resident of Delaware. The Will states in relevant part:

## ARTICLE III

## SPECIFIC DEVISE OF REAL PROPERTY

Notwithstanding any other provision of my will to the contrary, and if and only if my spouse[, ENOBLE SWIFT,] does not survive me, then I specifically give and devise the following if owned by me at my death:

Section 1. To my cousins, CHRISTIN[]E SMITH, HENRIETTA WESLEY and BARRY NEIL ROME and my stepdaughter, TERESA ANN SWIFT, I give and devise whatever interest I may have at the time of my death in the real property legally known as: 1690 Oaksdale Avenue, San Francisco, California. Said property is commonly known as: 1690 Oaksdale Avenue, San Francisco, California. This devise shall not include the fixtures, furniture, window coverings and household equipment and appliances located therein.

CHRISTINE SMITH, HENRIETTA WESLEY, BARRY NEIL ROME and TERESA ANN SWIFT shall take said property, subject to all encumbrances existing thereon at the time of my death. If they do not survive me, then said real property shall become a part of my residuary estate and be distributed in accordance with Article IV, Section 2.

Section 2. To my cousin, CURTIS MULL, I give and devise whatever interest I may have at the time of my death in the real property legally known as: Lot #6, Bl. 28, Euclid Heights, Parcel 15412, Hot Springs, Arkansas. Said property is commonly known as: Lot #6, Bl. 28, Euclid Heights, Parcel 15412, Hot Springs, Arkansas.

CURTIS MULL shall take said property, subject to all encumbrances existing thereon at the time of my death. If he does not survive me, then said real property shall become a part of my residuary estate and be distributed in accordance with Article IV, Section 2.

ARTICLE IV

DISTRIBUTION OF ESTATE

Section 1. I give and devise all of my property not otherwise specifically devised, whether real, personal or mixed, of whatsoever nature and wheresoever situated, to my spouse absolutely.

Section 2. If my spouse does not survive me, then I give and devise the above property to my cousin, HENRIETTA WESLEY.

ARTICLE V

SURVIVORSHIP REQUIREMENT

Unless otherwise specifically provided, a devisee of my Will who fails to survive me by thirty (30) days shall be deemed to have predeceased me and shall not share in my estate. The share of such devisee shall be distributed as directed by the provisions stated in my Will.

(bold in original removed).

The named residuary beneficiary, Henrietta Wesley, died in 1993. The Testatrix's spouse, Enoble Swift, died in 2005. At some point, the Testatrix moved to Shelby County, Tennessee. The Testatrix died on September 19, 2008. She left no surviving spouse, never had children, and had no surviving parent. At the time the Will was executed, the Testatrix owned real property, referenced in the Will. The parties agree that, by the time of her death, the Testatrix owned only personal property and did not own any real property.

On July 9, 2009, the Testatrix's Will was admitted to probate in the Probate Court of Shelby County, Tennessee. The Testatrix's cousin, Petitioner/Appellee Christine Smith, was appointed as the executrix of the estate.

On August 22, 2011, Ms. Smith filed a petition for construction of the Will and to declare heirs. Ms. Smith's petition urged the trial court to hold that Article V of the Will, the survivorship requirement, was applicable to the Testatrix's spouse, Enoble Swift, and to the named residuary beneficiary, Henrietta Wesley, both of whom predeceased the Testatrix. Under this construction of the Will, the residuary estate would lapse and therefore pass by intestate succession. As requested in Ms. Smith's petition, an heir search was conducted.

On September 20, 2011, Respondent/Appellant Brannon R. Wesley, allegedly the sole issue of residuary beneficiary Henrietta Wesley, filed a response to Smith's petition. In the response, Mr. Wesley argued that the survivorship requirement in the Will did not apply to Henrietta Wesley. Under this interpretation of the Will, pursuant to Tennessee's anti-lapse statute, Tennessee Code Annotated § 32-3-105, he would become the sole beneficiary of the Testatrix's residuary estate, and in effect the sole beneficiary of the entire estate.

On October 17, 2011, the trial court issued a memorandum opinion setting forth its findings of fact and conclusions of law, pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure. The trial court stated that the parties had stipulated the pertinent facts. The only area of disagreement was the proper interpretation of the Will and whether the residuary estate passed to the issue of the residuary beneficiary, Henrietta Wesley, under the anti-lapse statute.

The trial court reviewed the anti-lapse statute and the caselaw applying it. It explained that the statute "presumes that the testator would want the beneficiary's issue to take the gift or devise if the beneficiary predeceased the testator, given that the testator cared enough for the beneficiary to include him or her in the will." The trial court noted, however, that the anti-lapse statute applies "unless the testator expresses a contrary intention in the will." Summarizing the holdings in the pertinent cases, the trial court described the "general rule" as follows: "[W]here a testator conditions a gift or bequest on survivorship, the anti-lapse statute does not apply." Based on these principles, the trial court analyzed the language of the Will as follows:

> The anti-lapse statute does not apply. The residuary clause, read together with the survivorship requirement, provides that either the Testatrix's husband or Henrietta Wesley are to take the residuary estate, but only if they survive the Testatrix. The survivorship requirement shows the Testatrix did not intend for the estate to pass to the beneficiary's issue. The survivorship requirement is a "different disposition" as provided for in the anti-lapse statute. . . .
>
> The fact that the survivorship clause refers to any "devisee" does not affect the construction of the Will. The term "devise" traditionally refers to real property only. . . . However, the Court must consider the term "devise" in the context of the entire Will. Based on the entire Will, the Testatrix clearly intended to apply the survivorship requirement to all beneficiaries of her Will and not solely to what the law traditionally refers to as "devisees."
>
> The Testatrix uses the term "devise" to refer to both real and personal property in the Will. In the residuary clause, the Testatrix uses the term "devise" to

describe real property, personal property, or "mixed." Specifically, the Will states: "I give and devise all of my property not otherwise specifically *devised,* whether real, personal or mixed. . . [.]" (emphasis added [by trial court]).

Based on the Will as a whole and specifically on that portion herein discussed, the Court concludes the Testatrix intended "devisee" in the survivorship requirement to refer to all beneficiaries of her Will, and not only to those who were to receive real property. The survivorship requirement therefore applies to both real and personal property.

The entire estate must pass by intestate succession. The anti-lapse statute does not apply because the Testatrix's clear intent was for any gifts to predeceased beneficiaries to lapse. Both residuary beneficiaries predeceased the Testatrix. The Will does not name an alternate beneficiary for this eventuality. There are no provisions left in the Will for the Court to construe; therefore the estate passes by intestate succession.

Thus, the trial court held in favor of executrix Smith's position, that the survivorship requirement in the Will applied to residuary beneficiary Henrietta Wesley, that the anti-lapse statute does not apply, and that the gift in the Will lapsed because Ms. Wesley did not survive. Because the Will did not name an alternate residuary beneficiary, the trial court concluded that entire estate passed by intestate succession.[1] Mr. Wesley filed a motion to alter or amend the judgment of the trial court; this motion was denied. Mr. Wesley now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mr. Wesley argues that the trial court erred in concluding that the anti-lapse statute does not apply to the facts of this case, and in declining to hold that Mr. Wesley, as the sole issue and heir of Henrietta Wesley, was entitled to the entire residuary estate.

The construction of a will is a question of law for the court. *McBride v. Sumrow,* 181 S.W.3d 666, 669 (Tenn. Ct. App. 2005) (citing *Presley v. Hanks*, 782 S.W.2d 482, 487

---

[1]The trial court held that the estate passed to the Testatrix's brother, if he is living, and to any other siblings of the Testatrix who were living. In his brief to this Court, Mr. Wesley argues that "there is no competent evidence in the record, or stipulation by Respondent Brannon Wesley, that John Mull, if still living, is (was) a brother of Testatrix, Margaret L. Swift, or that he or any of his alleged siblings would be entitled to share in the said estate of the Testatrix[.]" However, this was not among the issues set forth in the Statement of the Issues in Mr. Wesley's appellate brief, so we decline to address it in this appeal.

(Tenn. Ct. App.1989)). As such, the trial court's decision is reviewed *de novo* on appeal, with no presumption of correctness. *In re Estate of Pegram v. Pegram*, 189 S.W.3d 227, 230 (Tenn. Ct. App. 2005); *Briggs v. Estate of Briggs*, 950 S.W.2d 710, 712 (Tenn. Ct. App. 1997).

## ANALYSIS

The central issue presented in this appeal is whether the survivorship requirement set forth in Article V of the Will applies to residuary beneficiary Henrietta Wesley. As explained below, the resolution of this issue determines whether Tennessee's anti-lapse statute applies to prevent the lapse of the gift in the Will to Henrietta Wesley. The anti-lapse statute provides:

> Whenever the devisee or legatee or any member of a class to which an immediate devise or bequest is made, dies before the testator, or is dead at the making of the will, leaving issue that survives the testator, the issue shall take the estate or interest devised or bequeathed that the devisee or legatee or the member of the class, as the case may be, would have taken, had that person survived the testator, unless a different disposition thereof is made or required by the will.

Tenn. Code Ann. §32-3-105(a) (2007). Thus, as noted by the trial court in its memorandum opinion, the anti-lapse statute provides that a beneficiary's issue will take the beneficiary's gift in a will if the beneficiary predeceases the testator of the will, unless the testator expresses a contrary intention or makes a "different disposition" in the will. In this case, if the survivorship requirement in the Will is deemed to apply to the gift to Henrietta Wesley, this would constitute a "different disposition," making the anti-lapse statute inapplicable.

On appeal, Mr. Wesley argues that Testatrix did not intend to impose a survivorship requirement upon Henrietta Wesley as a residuary beneficiary. In support of this argument, Mr. Wesley notes that each bequest in the Will, other than the bequest to Henrietta Wesley in the residuary clause of the Will, expressly requires survival. For example, Article III of the Will bequeaths real property to Christine Smith, Henrietta Wesley, Barry Neil Rome, and Curtis Mull. Article III then goes on to state that "[i]f they do not survive me," the properties become part of her residuary estate to "be distributed in accordance with Article IV, Section 2." Even the residuary clause, Article IV, directs distribution of the Testatrix's residuary estate first to her spouse, conditioned upon *his* survival. That same clause expresses no similar condition with regard to Henrietta Wesley. Mr. Wesley also points to the language in the survivorship requirement in Article V of the Will and argues that the requirement of survivorship is intended to apply only to "devisees." He claims that Henrietta Wesley is not a "devisee." Citing the sixth edition of Black's Law Dictionary, Mr. Wesley maintains that

the term "devisee" refers only to a recipient of *real property*, not a recipient of personal property under the Will. As the residuary estate at the time the Testatrix died included only personal property and no real property, Mr. Wesley argues that the survivorship requirement in Article V was not intended to apply to Henrietta Wesley.

In response, Ms. Smith maintains that the Will should be construed to apply the survivorship requirement in Article V to *all* beneficiaries, including Henrietta Wesley. She first contends that residuary beneficiary Henrietta Wesley is a "devisee" as set forth by Tennessee statute. She cites Tennessee Code Annotated § 31-1-101(2)-(3), which defines a "devise" as a "testamentary disposition of real *or personal* property," and defines a "devisee" as "any person designated in a will to receive a devise." *See* Tenn. Code Ann. § 31-1-101(2) and (3) (2007) (emphasis added). Ms. Smith also notes that the term "devise" is used in the Will to refer to both real and personal property. Specifically, she cites the following language in Article IV: "I *give* and *devise* all of my property . . . whether *real, personal or mixed* of whatsoever nature . . . ," and "If my spouse does not survive me, then I *give* and *devise* the above property to my cousin, HENRIETTA WESLEY." Ms. Smith also points out that the survivorship requirement is located in Article V, *after* both the specific bequests of real property in Article III and the residuary bequests in Article IV, and contends that this indicates an intent to apply the survivorship requirement to the entire Will. Finally, Ms. Smith notes, as did the trial court, that both residuary beneficiaries predeceased the Testatrix by a number of years; Henrietta Wesley died in 1993, the Testatrix's spouse Enoble Swift died in 2005, and Testatrix did not die until 2008. Ms. Smith argues that the Testatrix had many years to change her Will after these residuary beneficiaries died, but she did not do so, indicating that she was willing for her estate to pass by intestate succession.

The cardinal rule in construction of a will is that the court shall seek to discover the intention of the testator and give effect to it unless it contravenes some rule of law or public policy. *McBride,* 181 S.W.3d at 669 (citing *Third Nat'l Bank in Nashville v. First Am. Nat'l Bank of Nashville*, 596 S.W.2d 824, 828 (Tenn. 1980)). "The testator's intention is to be ascertained from the particular words used in the will itself, from the context in which those words are used, and from the general scope and purposes of the will, read in light of the surrounding and attending circumstances." *Presley*, 782 S.W.2d at 487 (citing *Moore v. Neely*, 370 S.W.2d 537, 540 (Tenn. 1963)). In determining the testator's intent by construing the language in a will, we must consider the will as a whole. *In re Estate of Vincent*, 98 S.W.3d 146, 150 (Tenn. 2003). The anti-lapse statute is an aid in construing the intent of the testator, codifying a presumption that if the testator "thought enough" of the beneficiary to make a gift to her in the will, the testator would want the beneficiary's issue to take the gift if the beneficiary predeceased the testator. *In re Estate of Harper,* No. M2000-00553-COA-R3-CV, 2000 WL 1100206, at *2; 2000 Tenn. App. LEXIS 516, at *5 (Tenn. Ct. App. Aug. 8, 2000). As stated in *In re Harper*:

Another rule the courts rely on is a presumption that the testator does not intend to die intestate. ***Ledbetter v. Ledbetter***, 216 S.W.2d 718 (Tenn. 1949); ***Brundige v. Alexander***, 547 S.W.2d 232 (Tenn. 1976). But when the testator's words are undeniably uncertain the legal rules of intestate succession must prevail. ***Garner v. Home Bank & Trust Co.***, 107 S.W.2d 223 (Tenn. 1937). By its language the statute defers to the intention of the testator by making its operation subject to a "different disposition . . . made or required by the will." Tenn. Code Ann. § 32-3-105(a).

***In re Harper***, 2000 WL 1100206, at *2*.* The ***Harper*** Court elaborated on the proper application of the anti-lapse statute:

> To render the statute inoperative, a purpose inconsistent with that objective must fairly appear, and from the terms of the will itself. In final analysis, however, the statute furnishes but a rule of construction to pilot the decision where the will indicates little or nothing of the testator's desires on lapse. Where, on the other hand, the will reflects a countervailing intention with reasonable clarity, the statute does not save the gift from lapse.
>
> Such an intention is manifested, and plainly so, where the will articulates the gift in words effectively conditioning its efficacy upon the beneficiary's survival of the testator. If, in such a situation, the beneficiary predeceases the testator, the statutory bar to lapse and the concomitant substitution of issue in the beneficiary's stead are at war with the testator's purpose that the gift shall take only in the event that the beneficiary outlives the benefactor.

***Id.*** (quoting ***In re Estate of Florence v. Kerr***, 433 F.2d 479, 483-84 (D.C. Cir. 1970)).

We consider first Mr. Wesley's argument that the Article V survivorship requirement does not apply to Henrietta Wesley because Article V states that "a *devisee* of my Will who fails to survive me . . . shall not share in my estate." He relies on a definition of the term "devisee" as a recipient of real property only, contained in the sixth edition of Black's Law Dictionary. He notes that by the time the Testatrix died, she owned only personal property, so Henrietta Wesley could not have been a "devisee" under Article V of the Will at the time of the Testatrix's death.

Respectfully, this argument is without merit. The persuasiveness of Mr. Wesley's citation of the sixth edition of Black's Law Dictionary is undercut by the fact that the more recent edition of the same reference authority defines "devisee" simply as a "recipient of property by will." *Black's Law Dictionary* 518 (9th ed. 2009). More importantly, as noted by the trial

-8-

court, the Will uses the phrase "give and devise" routinely throughout, in paragraphs that relate only to real property, in paragraphs that relate only to personalty, and in paragraphs that relate to both. *See Pritchard on Wills and Administration of Estates*, Ch. 7, § 407 (Matthews Bender, 2009) ("[I]n determining the meaning of words, the context in which they are used should be taken into consideration as well as the entire will."). In addition, the Will specifically gives Henrietta Wesley an interest in real property that the Testatrix owned at the time the Will was executed, so even under Mr. Wesley's argument, Henrietta Wesley was a "devisee" at that time. Under Mr. Wesley's argument, then, the Testatrix intended for the survivorship requirement to be applicable to Henrietta Wesley when she executed the Will, but that intent changed when the Testatrix became divested of any interest in real property. Such an interpretation is at odds with common sense and the general principles for the construction of a will. *Id.*, Ch. 7, § 419 ("The will is to be construed in view of the circumstances prevailing at the time of its execution."). We find that the use of the term "devisee" in Article V of the Will does not mean that the survivorship requirement was intended to exclude Henrietta Wesley.

Mr. Wesley also argues that the survivorship requirement in Article V is not applicable to Henrietta Wesley because, as to every other named beneficiary in the Will, the gift to that beneficiary is expressly conditioned upon the beneficiary's survival. Because there was no such specific survivorship language in Article IV as to Henrietta Wesley, Mr. Wesley infers that the Testatrix intended for the survivorship requirement in Article V to apply to every beneficiary named in the Will *except* for her cousin, Henrietta Wesley.

We must respectfully reject this argument as well. It is true that the Will contains a "belt and suspenders" survivorship requirement as to the other named beneficiaries, in that those beneficiaries are covered not only by the overall survivorship language in Article V, but also by specific language in the bequest stating that the named beneficiary must survive the Testatrix in order to take under the Will. For Henrietta Wesley, there is only a "belt" and no "suspenders," in that there is only the overall survivorship provision in Article V. This makes Article V no less applicable to Henrietta Wesley. Article V follows all of the other provisions, indicating that the Testatrix intended it to apply generally to all of the preceding gifts under the Will. Indeed, given the fact that the gift provisions in the Will include repeated references to survivorship, we may infer that Article V was intended to be a catchall provision, to ensure that all gifts went to named beneficiaries, not to their issue.

Mr. Wesley notes that the trial court's interpretation of the Will results in the Testatrix's estate passing by intestate succession, rather than by the provisions of the Will and argues that such a result is contrary to the presumption that a decedent who makes a will intended to die testate. *See In re Estate of Milam,* 181 S.W.3d 344, 353 (Tenn. Ct. App. 2005) (citing *Davis v. Anthony*, 384 S.W.2d 60, 62 (Tenn. Ct. App. 1964)). This Court has acknowledged

that "survivorship clauses without survivors are not common occurrences," but where the will's survivorship language indicates that the issue of the beneficiaries take nothing if the beneficiary does not survive the testator, the Court will honor that intent. *See In re Snapp,* 233 S.W.3d at 293 (citing such a result in *In re Harper*). The Court in *In re Snapp* cited "numerous, persuasive cases from other jurisdictions . . . reaching the same result," that is, applying a survivorship provision in a will and declining to apply the anti-lapse statute, so as to result in the estate passing by intestate succession. *In re Snapp*, 233 S.W.3d at 294 (citing cases).

For these reasons, after considering the Will as a whole, we agree with the interpretation of the trial court. We find that the survivorship requirement in Article V of the Will applies to Henrietta Wesley. This constitutes a "different disposition" within the meaning of Tenn. Code Ann. § 32-3-105, so the provisions of the anti-lapse statute do not apply to the gift to Henrietta Wesley under the Will's residuary clause. Therefore, we affirm the trial court's order that the residuary estate shall pass by intestate succession to the heirs at law of the Testatrix.

## CONCLUSION

The decision of the trial court is affirmed, and the cause is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant, Brannon R. Wesley and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE