IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 3, 2020 Session

## IN RE ESTATE OF GLADYS ALENE CLIFTON

**Appeal from the Rutherford County Probate Court**
**No. 0000      Tolbert Gilley, Judge**

_____

### No. M2020-00432-COA-R3-CV

_____

This appeal concerns the interpretation of a will. The will divided the testator's residual estate into as many shares as the testator had children with the further instruction that the share of a deceased child would be divided among that child's "issue then living." The will stated, in pertinent part, that "'issue' . . . includes a person who has a parent-child relationship . . . with the person through whom this person claims benefits." When she died, the testator had two surviving children and one deceased daughter. The deceased daughter was predeceased by one of her two sons, and the deceased son was survived by two children—the testator's great-grandchildren. The petition to admit the will named the two surviving children and the deceased daughter's living son as the beneficiaries of the estate but excluded the testator's great-grandchildren, whose father had predeceased the testator. When the testator's great-grandchildren filed a motion to be included with their uncle as "issue" of the deceased daughter, the estate opposed the motion, arguing that the great-grandchildren were not "issue" of testator's deceased daughter because the petitioners did not have a "parent-child relationship" with the daughter, who was the petitioners' grandmother. The trial court agreed and held that the only issue of the deceased daughter who could inherit was her living son—the great-grandchildren's uncle. We respectfully disagree. The will's plain language "includes" persons with a "parent-child relationship" to "the person through whom [the] person claims benefits," but does not exclude those who do not. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Steven Chase Fann, Murfreesboro, Tennessee, for the appellants, Stevie Ray Smith and Kalie Brooke Smith.

Patrick Johnson, Nashville, Tennessee, for the appellee, Estate of Gladys Alene Clifton.

**OPINION**

In July 2014, Gladys Alene Clifton ("Mrs. Clifton") executed a will that directed her residual estate be divided into equal shares:

> I divide all of the residue and remainder of my gross estate, real and personal, wherever situated, into as many equal shares as there are living children of mine and deceased children of mine with issue then living. Each living child shall be given one share. Any share of my estate allocated to a deceased child with issue then living shall be further divided into shares for said issue, per stirpes. The terms "issue," "child," "children," includes a person who has a parent-child relationship, as defined under applicable state law, with the person through whom this person claims benefits under my Will.

When she died in 2017, Mrs. Clifton had two living children, Penelope Clifton and Gene Clifton, and one deceased child, Sherry Smith. Sherry had one living son, Randy Smith, and one deceased son, Danny Smith. Danny was survived by two children, Stevie Ray Smith and Kalie Brooke.

In February 2018, Penelope Clifton filed a petition to admit Mrs. Clifton's will in the Rutherford County Probate Court. The petition listed three beneficiaries: Gene Clifton, Penelope Clifton, and Randy Smith. The court admitted the will and appointed Penelope Clifton as the personal representative of Mrs. Clifton's estate ("the Estate"). Over the next two years, the Estate requested and received approval to sell 18 acres of Mrs. Clifton's real property.

In January 2020, two of Mrs. Clifton's great-grandchildren, Stevie Ray Smith and Kalie Brooke ("Petitioners"), filed a petition to enjoin the Estate from further action pending an interpretation of the will. Petitioners asserted that Sherry Smith's share of Mrs. Clifton's estate should have been divided between them and their uncle, Randy, because Petitioners were "issue then living" of "a deceased child." The Estate opposed the petition, contending that the will defined "issue" as only persons with "a parent-child relationship" to any deceased child. Under this definition, Randy was the only "issue then living" of Mrs. Clifton's deceased daughter, Sherry.

After a hearing in February 2020, the court agreed with the Estate and held that Petitioners were not issue and, therefore, not beneficiaries of Mrs. Clifton's residual estate:

> While the Petitioners claim that they are the "issue" of Sherry Smith, the definition of "issue" . . . is one where there is a "parent-child relationship." There is no "parent-child" relationship between the Petitioners and the Testator. There is no "parent-child" relationship between the Petitioners and

Sherry P. Smith. The intent of the Testator is clear in that only: (1) living issue of the Testator, i.e. Penelope June Clifton and Gene Dale Clifton; or (2) issue of the deceased Sherry P. Smith, i.e. Danny Smith and/or Randy Smith, could possibly inherit through her. The Petitioners are neither of these.

Accordingly, the court denied the petition. This appeal followed.

## ANALYSIS

Petitioners raised three issues in this appeal. We, however, have determined that the dispositive issue is whether the residuary clause in Mrs. Clifton's will limited or restricted the meaning of the term "issue" to persons with a parent-child relationship to Mrs. Clifton or one of her children. The construction of a will is a question of law that we review de novo with no presumption of correctness. *See In re Estate of Vincent*, 98 S.W.3d 146, 148 (Tenn. 2003).

"It is the absolute right of the testator to direct the disposition of [the testator's] property and [courts] are limited to the ascertainment and enforcement of [the testator's] directions." *Daugherty v. Daugherty*, 784 S.W.2d 650, 653 (Tenn. 1990). Thus, "[t]he basic rule in construing a will is that the court shall seek to discover the intention of the testator, and will give effect to it unless it contravenes some rule of law or public policy." *Id*. When doing so, it is our duty to give words their "common and accepted meaning, unless it clearly appears another intention expressed by the testator is controlling." *Am. Tr. & Banking Co. v. Hedges*, 64 S.W.2d 527, 530 (Tenn. Ct. App. 1933). Accordingly, absent evidence to the contrary, "technical words . . . must be given technical meanings." *Daugherty*, 784 S.W.2d at 653 (citing *Third Nat. Bank in Nashville v. Stevens*, 755 S.W.2d 459, 462 (Tenn. Ct. App. 1988)).

In her will, Mrs. Clifton identified Sherry Smith, Gene Clifton, and Penelope Clifton as her "children":

At the time of executing this Will, I am unmarried. The names of my children are listed below. Unless otherwise specifically indicated in this Will, any provision for my children includes the below-named children, as well as any child of mine hereafter born or adopted.

Sherry Prosnick Smith
Gene Dale Clifton, Jr.
Penelope June Clifton

Mrs. Clifton made one specific bequest to Penelope Clifton, which is not in dispute, and left the residue and remainder to her "children" and their "issue" as follows:

I divide all of the residue and remainder of my gross estate, . . . into as many equal shares as there are living children of mine and deceased children of mine with issue then living. Each living child shall be given one share. Any share of my estate allocated to a deceased child with issue then living shall be further divided into shares for said issue, per stirpes. The terms "issue," "child," "children," includes a person who has a parent-child relationship, as defined under applicable state law, with the person through whom this person claims benefits under my Will.

As Petitioners correctly point out, Tennessee law defines a person's "issue" as "the person's lineal descendants, adopted as well as natural born, of all generations, with the relationship of a parent and child at each generation being determined by the definitions of child and parent contained in this title." Tenn. Code Ann. § 31-1-101(6).[1] Accordingly, we have recognized that "[t]he word 'issue' includes all persons who have descended from a common ancestor, and unless the context indicates otherwise means lineal descendants without regard to degree of proximity or remoteness." *Decker v. Meriwether*, 708 S.W.2d 390, 393 (Tenn. Ct. App. 1985) (citing *Burdick v. Gilpin*, 325 S.W.2d 547, 554 (Tenn. 1959)).

The Estate contends that the general definition of "issue" does not apply because the will expressly states that "'issue' . . . includes a person who has a parent-child relationship with [the deceased child of Testator]." We respectfully disagree that the use of the non-limiting term "includes" limits or restricts Mrs. Clifton's beneficiaries to **only** those with a parent-child relationship to Mrs. Clifton's children. To the contrary, as we have previously held, when the word "includes" or "including" is used, "it serves as a term of enlargement, not one of restriction." *Lovlace v. Copley*, 418 S.W.3d 1, 18 (Tenn. 2013); *see Sears, Roebuck & Co. v. Roberts*, No. M2014-02567-COA-R3-CV, 2016 WL 2866141, at *6 (Tenn. Ct. App. May 11, 2016) (recognizing that "use of the term 'include' does 'not ordinarily introduce an exhaustive list'" (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 132 (2012))). Thus, by stating that "'issue' . . . **includes** a person who has a parent-child relationship with [Testator's children]," the will does not **exclude** those who do not.

---

[1] "[U]nless a contrary intention appears in its terms, a will is construed and takes effect as if executed immediately prior to the death of the testator." *Calhoun v. Campbell*, 763 S.W.2d 744, 748 (Tenn. 1988) (citing Tenn. Code Ann. § 32-3-101).

Based on the foregoing, we respectfully reverse the trial court's determination that Petitioners are not beneficiaries of Mrs. Clifton's estate.[2]

**IN CONCLUSION**

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the Estate of Gladys Alene Clifton.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[2] Because we resolve this matter on the plain language of the will, we need not address the two additional issues raised by Petitioners: (1) "Whether the probate court erred in failing to invoke the anti-lapse statute to find that Petitioners actually satisfy the parent-child relationship status allegedly required by the will" and (2) "[w]hether the probate court erred by not adhering to the traditional rule of lapsed residuary devises that would pass the lapsed benefits to the Petitioners' lineal ancestors outside of the will and through intestacy allowing them to take as beneficiaries."